IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DEBORAH AUSMUS § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. G-13-288 |
| § | |
| HSBC Bank USA, N.A., § | |
| § | |
| Defendant. § | |

<u>OPINION AND ORDER</u>

Before the Court, with the consent of the parties, is Defendant HSBC Bank USA, N.A.'s "Motion to Dismiss Plaintiff's First Amended Complaint." (Docket Entry ("Dkt.") No. 7). Plaintiff Deborah Ausmus filed a response to the Motion (Dkt. No. 10) and then Defendant filed a reply. (Dkt. No. 11). The Court, after carefully considering the Motion, the response and reply, and the applicable law, concludes that Defendant's Motion to Dismiss should be **GRANTED IN PART** and **DENIED IN PART** for the reasons discussed herein. **I. BACKGROUND**

This action was brought by Plaintiff Deborah Ausmus ("Ausmus") against Defendant HSBC Bank USA, N.A. ("HSBC") after her home, located at 4102 California Ave, Dickinson, Texas (hereinafter "the Property"), was sold at a foreclosure sale.

In her Amended Complaint, Ausmus alleges that on or about July 25, 2006, she obtained a mortgage to purchase the Property, secured by a Deed of Trust and Promissory Note in favor of the lender Home123 Corporation ("Home123"). (Dkt. No. 4). The Note and the Deed of Trust were later transferred to HSBC and Bank of America, N.A. acted as the mortgage servicer.

Sometime thereafter, Ausmus alleges that she "began to have financial difficulties" and, "[i]n an effort to remedy the situation," she initiated negotiations with HSBC to modify the terms and conditions of the Note. (Dkt. No. 4 at 2, ¶7). Ausmus contends that she was offered a loan modification by the loan servicer, Bank of America, and, "[d]uring the next several months," Ausmus submitted documents and financial information in response to Bank of America's requests. (*Id.* at ¶8). During this process, a representative for Bank of America allegedly told Ausmus "that she was not allowed to make any mortgage payments while in loan modification status"; to "ignore any foreclosure notices that she received while in loan modification status"; and "that [Bank of America] would not take any action to foreclose on the Property while in loan modification status." (*Id.*).

Despite Bank of America's prior statements to Ausmus, on December 4, 2012, the Property was sold at a foreclosure sale to HSBC. (Dkt. No. 4 at 2, ¶10). Ausmus contends that the foreclosure sale was conducted "[in violation of the agreement between the parties and without proper and timely notice as required by the Note and Deed of Trust as well as the Texas Property Code.]" (*Id.* at 2-3, ¶12). After purchasing the Property at the foreclosure sale, HSBC served Ausmus with a suit to evict and "wrongfully attempted to enter upon and dispossess her of her Property to evict her the period of May 01, 2013 through July 01, 2013." (*Id.* at 2-3, ¶¶9, 11).

Thereafter, on July 30, 2013, Ausmus initiated this action against HSBC in state court. (Dkt. No. 1). HSBC removed the action to federal court on August 12, 2013, based on diversity jurisdiction. (*Id.* at 2-3). Following removal of the action, Ausmus filed her Amended Complaint in which she asserts three causes of action: trespass to try title, breach of contract,

2

and common law fraud. (Dkt. No. 4). Ausmus seeks actual and exemplary damages, as well as attorneys' fees. (*Id.* at 4-5).

On September 25, 2013, HSBC filed this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6). (Dkt. No. 7). HSBC's Motion to Dismiss is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and view those facts in the light most fa.vorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *In re Katrina*, 495 F.3d at 205. A claim is considered "plausible" if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *but see*, *Twombly*, 550 U.S. at 555, 557 (a claim is not considered plausible where it is based on nothing more than a "formulaic recitation of the elements of a cause of action" or it merely consists of "naked assertions devoid of further factual enhancement."). When a plaintiff has alleged enough facts to move the claim "across the line from conceivable to plausible," a court should refrain from dismissing the claim. *Twombly*, 550 U.S. at 570.

3

### III. DISCUSSION

#### A. Trespass to Try Title

Ausmus brings a cause of action against HSBC for trespass to try title. Defendant argues that the claim for trespass to try title should be dismissed because Ausmus fails to establish the superiority of her own title because she does not dispute that Defendant had a valid lien on the Property pursuant to the Deed of Trust. (Dkt. NO. 7 at 8). Ausmus counters that she "has plead facts and she can prove title by prior possession coupled with proof that possession was not abandoned." (Dkt. No. 10 at 4).

A trespass to try title action is a statutory cause of action that is "the method of determining title" to real property. TEX. PROP. CODE § 22.001; *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). In order to establish a claim for trespass to try title, a plaintiff must prove title to the property by: "(1) proving a regular chain of conveyances from the sovereign, (2) establishing superior title out of a common source, (3) proving title by limitations, or (4) proving title by prior possession coupled with proof that possession was not abandoned." *Caress v. Lira*, 330 S.W.3d 363, 364 (Tex.App.-San Antonio 2010, pet. denied). To succeed, a plaintiff must prove the strength of her title, not merely rely on the weaknesses of defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.–Corpus Christi, 2001, no pet.).

In the present case, Ausmus has alleged that Defendant wrongfully dispossessed her of the Property. In particular, she alleges that she was experiencing financial difficulties, however, she was not in default on her mortgage payments. She further suggests she could have continued to make the payments; that Defendant made representations to her that induced her not make her monthly payments which, due to her reliance thereon, placed her into default; that Defendant

failed to comply with the deed of trust; that Defendant had no right to foreclose on the Property; and that the foreclosure sale is void. Because the foreclosure sale is void, Ausmus argues that Defendant's purchase of the Property at the foreclosure sale is void and it obtained no title, because the purchaser at a foreclosure sale obtains no better title than the trustee can give. Assuming the truth of these allegations, as this Court must at this stage of the litigation, Ausmus has stated sufficient facts to state a claim for trespass to try title.

The Court, therefore, **DENIES** Defendant's Motion to Dismiss this claim.

### B.  Breach of Contract

Ausmus brings a claim against Defendant for breach of contract. Defendant moves for dismissal of this claim because Ausmus failed to allege all the necessary elements to support this claim and, even if she had, it is premised on an alleged oral representation that is barred by the Statute of Frauds. (Dkt. No. 7 at 4-6).

To state a claim for breach of contract in Texas, a plaintiff must allege the following elements:  (1)  a valid contract existed; (2) there was performance or tendered performance by the plaintiff; (3) there was a breach of the contract by defendant; and (4) plaintiff sustained damages as a result of the breach. *See Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex.App.–San Antonio 2002, no pet.); *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex.App.–Houston [1st Dist.] 1997, no pet.); *see also*, *Lewis v. Bank of America N.A.*, 343 F.3d 540, 544-45 (5th Cir. 2003).

The Court begins by addressing Defendant's argument that Ausmus was in default under the contract and that this precludes her from establishing the requisite elements of a breach of contract claim. (Dkt. No. 7 at 5-6). In response to this argument, Ausmus contends that she

merely alleged that she was experiencing financial difficulties before contacting Defendant to discuss a loan modification, but this does not mean she was in default on her mortgage or, more to the point, that she had not performed or tendered performance under the contract. (Dkt. No. 10 at 2). At this phase of the litigation, a court is obliged to construe the pleadings in a light most favorable to Ausmus and, as such, this Court must deny this basis for dismissal of this claim.

Defendant also argues that Ausmus' breach of contract claim is barred by the Statute of Frauds. Texas law provides that "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or that party's authorized representative." TEX. BUS. COM. CODE § 26.02. In addition, when a modification relates to a matter that must be in writing, the law requires that the modification must also be in writing. *See Bank of Texas N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.–Dallas, 2009, *review dism'd w.o.j.*) (any verbal representation as to the existence or terms of a loan modification, to alter the terms of the parties' written loan agreement, which exceeded $50,000 in value, is unenforceable under the Texas Statute of Frauds); *Deuley v. Chase Home Finance, LCC*, No. 4:05-CV-04253, 2006 WL 1155230, at *2 (S.D. Tex. April 26, 2006) (explaining that under Texas law when an agreement purports to modify an agreement that must be in writing, the modification must also be in writing or it is unenforceable). "A plaintiff [who] seeks to enforce an alleged oral contract has the burden of proving that the Statute of Frauds is satisfied" (*Hugh Symons Group, PLC v. Motorola Inc.*, 292 F.3d 466, 469 (5th Cir. 2002)); if she fails, it is fatal to her breach of contract claim. TEX. BUS. COM. CODE § 26.02. In her Amended Complaint, Ausmus makes no allegations that there were

any written agreements to modify the parties' loan agreement. *Deuley*, 2006 WL 1155230, at *2. Thus, insofar as Ausmus alleges that the agreement was oral and never reduced to writing, it would violate the Statute of Frauds and be unenforceable.

There are, of course, exceptions that the law recognizes to the affirmative defense of the Statute of Frauds. *See generally, EP Operating Co. v. MJC Energy Co.*, 883 S.W.2d 263, 268-69 (Tex.App.–Corpus Christi 1994, writ denied). One such exception, while not specifically pled by Ausmus, but which might reasonably be inferred from her pleadings, is the defense of promissory estoppel. "Promissory estoppel is an equitable doctrine that ordinarily is used as a defense in order to 'prevent[ ] a party from insisting upon [its] strict legal rights when it would be unjust to allow [it] to enforce them.'" *Martin-Janson v. JP Morgan Chase Bank, N.A.*, _ Fed.Appx. _, 2013 WL 3533682, at *3 (5th Cir. July 15, 2013). However, when asserted as a defense, promissory estoppel requires a plaintiff to show, in addition to the other requisite elements, that the defendant promised to sign an agreement satisfying the Statute of Frauds. *"Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 937 (Tex. 1972). Problematically, Ausmus does not allege that Defendant promised to sign an existing document agreeing to postpone the monthly payments and/or the foreclosure proceedings, thus, this defense will not permit them to avoid the effects of the Statute of Frauds. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3 249, 256-57 (5th Cir. 2013). Accordingly, even to the extent that it was alleged in her pleadings, this defense offers no aid to Ausmus.

Notwithstanding, Ausmus contends that dismissal of her breach of contract claim is still not warranted because Defendant's representations, while not in writing, inducted her to default on her mortgage. (Dkt. No. 10 at 1-2). Ausmus' contentions, while only raised in her response

to Defendant's Motion to Dismiss, do appear to find some support given the *dicta* contained in *Montalvo v. Bank of America Corporation*, 864 F.Supp.2d 567, 584-85 (W.D.Tex. 2012). In that case, the court considered the issue of whether Montalvo, a mortgagor who was already in default on her mortgage before contacting the mortgagee/service to discuss a loan modification, was wrongfully induced not to cure the default and, if so, whether that amounted to a waiver or estoppel of Bank of America's right to foreclose. *Id.* at 584-86. Notably, the district court judge—who, in a later opinion, ultimately resolved the matter in favor of Bank of America[1]—appears to suggest that the outcome might be different if Montalvo (the mortgagor) had not been in default with regard to her mortgage payments before contacting the mortgagee/servicer to discuss a loan modification. In particular, the court noted:

> this is not a case in which the mortgagor would not have defaulted but for being told by the mortgage servicer to make a lower payment than required by the Note under an unenforceable oral agreement. In such a case, a mortgagor would have a strong argument that the mortgage servicer induced the default and thereby excused it or is otherwise estopped from relying on the default to accelerate the note and foreclose.

*Id.* at 585. Assuming the facts alleged by Ausmus were true—that, unlike Montalvo, she was not in default and would not have defaulted but for the lender/servicer inducing the default—an argument for estoppel/waiver might still plausibly exist which would preclude dismissal of this claim at this juncture of the litigation.

---

[1] *Montalvo v. Bank of America Corp.*, Civil Action No. SA-10-CV-360-XR, 2013 WL 870088 (W.D. Tex. March 7, 2013).

Accordingly, for the reasons discussed, the Court **DENIES** Defendant's Motion to Dismiss Ausmus' breach of contract claim.[2]

### C. Common Law Fraud

Ausmus asserts a claim against Defendant for common law fraud. Defendant moves for dismissal of this claim on the ground that Ausmus has failed to satisfy the heightened pleading standards under Federal Rule of Civil Procedure 9(b). (Dkt. No. 7 at 6-7). Defendant also moves for dismissal based on the economic loss doctrine and the Statute of Frauds. (*Id.* at 6).

In order to state a claim for fraud under Texas law, the plaintiff must allege the following elements: "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). A false representation is material if a reasonable person would attach importance to and be induced to act on the information. *Shandong Yinguang Chem., Indust. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010). "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

---

[2] Defendant is not precluded from later re-urging any of its arguments in a dispositive motion that is accompanied by competent summary judgment evidence.

In addition, for fraud claims, Rule 9(b) requires the complaint to "state with particularity the circumstances constituting the fraud." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.2003); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir.2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.").

In the present case, having reviewed Ausmus' First Amended Complaint, the Court observes that she fails to provide details about any of the misrepresentations and omissions that are the basis of her common-law fraud claim. In particular, she has not pleaded with specificity who made them, when they were made, or any details about what they were. Rather, Ausmus merely alleges that she purchased the Property on July 25, 2006, the foreclosure sale occurred on December 4, 2012, and that the misrepresentations occurred after their 2006 purchase, but "most likely [the representations] transpired within the one year period prior to the 2012 foreclosure sale. In other words, Ausmus generally contends that at some time over this six (6) year time period – "most likely" a year before the foreclosure – some bank's representative(s) told her not to make any mortgage payments while in modification status and to ignore any foreclosure notices. Given these scant pleadings, the Court must agree with Defendant that Ausmus' pleadings lack the specificity required to satisfy the particularity requisites of Rule 9.[3]

---

[3] The Court declines to address the other grounds raised by Defendants – namely, the application of the economic loss doctrine or the Statute of Frauds.

The Court, therefore, **GRANTS** Defendant's Motion to Dismiss this claim.

## CONCLUSION

For all the foregoing reasons, Court concludes that Defendant's Motion to Dismiss (Dkt. No. 7) is **DENIED IN PART** as to Plaintiff's claims for trespass to try title and breach of contract claim, **GRANTED IN PART** as to Plaintiff's common law fraud claim, and that Plaintiff's common law fraud claim is **DISMISSED** without prejudice.

**DONE** at Galveston, Texas, this     27th     day of November, 2013.

_____
John R. Froeschner
United States Magistrate Judge