IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DEBORAH AUSMUS | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-13-288 |
| | § | |
| HSBC Bank USA, N.A., | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

Before the Court, with the consent of the parties, is the Motion for Summary Judgement of Defendant HSBC Bank USA, N.A. (Docket Entry ("Dkt.") No. 17). Plaintiff Deborah Ausmus filed a response to the Motion (Dkt. No. 19) and then Defendant filed a reply. (Dkt. No. 20). The Court, after carefully considering the Motion, the response and reply, and the applicable law, concludes that Defendant's Motion for Summary Judgment should be **GRANTED** for all the reasons discussed herein.

## I. BACKGROUND

This action was brought by Plaintiff Deborah Ausmus (Ausmus) against Defendant HSBC Bank USA, N.A. (HSBC) after her home, located at 4102 California Ave., Dickinson, Texas (hereinafter "the Property"), was sold at a foreclosure sale.

The summary judgment evidence reflects that on or about July 24, 2006, Ausmus obtained a mortgage to purchase the Property, secured by a Deed of Trust and Promissory Note in favor of the lender Home123 Corporation (Home123). (Dkt. No. 17, Ex. A at 2, ¶4; Exs.

A-1 & A-2). The Note and the Deed of Trust were later transferred to HSBC and Bank of America, N.A. acted as the mortgage servicer. (*Id.*, Ex. A at 2, ¶4).

Ausmus made payments on the note, although it appears not always timely,[1] until November 2009, when she defaulted on the loan. (Dkt. No. 17, Ex. A at 4, ¶11; Ex. A-3 at 6; Ex. A-4 at 7). On December 3, 2009, Bank of America, who acted as the loan servicer, sent Ausmus a notice of default and gave her 30 days to cure the default or risk acceleration and foreclosure. (*Id.*, Ex. A-6). Ausmus did not cure the default, but the records indicate that in or around mid-March she resumed making payments that were applied to the balance owed. (*Id.*, Ex. A-3 at 6; Ex. A-4 at 7). Rather than accelerate the loan immediately, the servicer worked with Ausmus to apply for the federal government's Home Affordable Modification Program (HAMP). (*Id.*, Ex. A-4 7-8). In December 2010, Ausmus' request under HAMP was initially rejected (*Id.*, Ex. A at 3, ¶11; Ex. A-4 at 10) and, upon reconsideration, the denial was reiterated in March 2011. (*Id.* at A-4 at 11).

On or about August 1, 2011, Bank of America referred the loan to Recontrust to initiate non-judicial foreclosure proceedings. (Dkt. No. 17, Ex. A at 4, ¶13; Ex. A-4 at 14). At the instruction and on behalf of Bank of America, Recontrust sent notice of acceleration to Ausmus. (Dkt. No. 17, Ex. A at 4-5; Ex. B at 2). Shortly thereafter, Ausmus' loan was assigned to the Defendant on August 23, 2011,[2] with Bank of America, N.A. continuing to act in the capacity

---

[1] *See* Dkt. No. 17, Ex. A-4 at 4-6.

[2] On August 23, 2011, Home123 Corporation executed an assignment of Ausmus' loan to HSBC Bank USA, N.A., for the Benefit of Ace Securities Corp. Home Equity Loan Trust 2006-NC3, Asset

as the loan servicer. (*Id.*, Ex. A at 3-4, ¶10; Ex. A-5). The servicer continued to work with Ausmus, but her requests for loan modification were denied.

On October 19, 2012, Recontrust sent Ausmus a Notice of Substitute Trustee Sale and further notified Ausmus that the foreclosure sale was scheduled for December 4, 2012. (Dkt. No. 17, Ex. B at 3, ¶9). The Property was purchased at the foreclosure sale by The Bank of New York Mellon FKA The Bank of New York, As Trustee for The Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2004-10, for $62,550.00, which Defendant represents reflected the indebtedness as of that date. (*Id.*, Ex. A at 5, ¶16; Ex. A-8).

Ausmus filed suit in state court on July 30, 2013, against the Defendant. (*See* Dkt. No. 1). The Defendant promptly removed the action to federal court. Once in federal court, Ausmus sought and received permission to amend her complaint. In her Amended Complaint, Ausmus alleges a cause of action against the Defendant for breach of contract, trespass to try title[3] and common law fraud. (Dkt. No. 4). Ausmus seeks actual and exemplary damages, as well as attorneys' fees. (*Id.* at 4). The Defendant filed a Motion to Dismiss which, after review, this Court granted with regard to Ausmus' claim for common law fraud, but denied as to her remaining claims (*i.e.*, breach of contract and trespass to try title). (Dkt. No. 13).

---

Backed Pass-Through Certificates. (Dkt. No. 17, Ex. A at 3-4, ¶10; Ex. A-5).

[3] In her Amended Complaint, Ausmus, who is represented in this action by counsel, makes factual allegations that the Defendant wrongfully conducted a foreclosure sale and wrongfully attempted to enter upon and dispossess her of her Property and evict her from May 1, 2013 through July 1, 2013. (Dkt. No. 4 at 2-3, ¶¶10-11). Ausmus has delineated three separate causes of action in her pleadings, but a cause of action for wrongful foreclosure is not among the three listed so it appears her factual allegations relate to her cause of action for trespass to try title. (*Id.* at 3-4).

3

The Defendant has now filed a Motion for Summary Judgment seeking dismissal of this action in its entirety. (Dkt. No. 17). Ausmus filed a response to the Motion (Dkt. No. 19), to which Defendant filed a reply. (Dkt. No. 20). Defendant's Motion for Summary Judgment is now ripe for consideration.

## II. STANDARD OF REVIEW

The Court analyzes the Defendant's Motion under the well-established summary judgment standard. Fed. R. Civ. P. 56(c); *see generally, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 576, 586-87 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999); *United States v. Arron*, 954 F.2d 249, 251 (5th Cir. 1992).

## III. DISCUSSION

### A. Breach of Contract Claim

Ausmus brings a cause of action against the Defendant for breach of contract. Ausmus predicates the breach of contract claim on her contentions that the Defendant's representative made oral representations to her that she was not allowed to make any mortgage payments while in loan modification status, that she could ignore any foreclosure notices that she received during this time period, and that no action to foreclose on the Property would be taken while she was in loan modification status. The Defendant maintains that it is entitled to summary judgment on Ausmus' breach of contract claim on the ground that Ausmus was in default under the contract and this precludes her from maintaining a breach of contract claim. The Defendant also

maintains that the Statute of Frauds precludes this claim. (Dkt. No. 17 at 6-10).

A fundamental principle in the law is that "[a] party to a contract who is in default cannot maintain a suit for breach of contract." *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex.1940). The undisputed evidence in the record reflects Ausmus initially defaulted on her mortgage payments in 2009, which was a point in time that preceded her request for a loan modification. Given Ausmus' initial default, she should not be permitted to maintain a cause of action for breach of contract against the Defendant. *Id.*

In addition, Ausmus' breach of contract claim is barred by the Statute of Frauds. The Statute of Frauds, which is strictly adhered to in Texas, provides that "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or that party's authorized representative." *See* TEX. BUS. COM. CODE § 26.02. The law also requires that when a modification relates to a matter that must be in writing, the modification must also be in writing. *See Bank of Texas N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.–Dallas, 2009, review dism'd w.o.j.) (any verbal representation, which purports to alter the terms of a written loan agreement that exceeds $50,000 in value, is unenforceable under the Texas Statute of Frauds ); *Deuley v. Chase Home Finance, LCC*, No. 4:05-CV-04253, 2006 WL 1155230, at *2 (S.D. Tex. April 26, 2006) (explaining that under Texas law when an agreement purports to modify an agreement that must be in writing, the modification must also be in writing or it is unenforceable). "A plaintiff [who] seeks to enforce an alleged oral contract has the burden of

5

proving that the Statute of Frauds is satisfied" (*Hugh Symons Group, PLC v. Motorola Inc.*, 292 F.3d 466, 469 (5th Cir. 2002)) and, if she fails, it is fatal to her breach of contract claim. TEX. BUS. COM. CODE § 26.02. Having considered the record before it, this Court finds no evidence which establishes that there were any <u>written</u> agreements to modify the parties' loan agreement.[4] *Deuley*, 2006 WL 1155230, at * 2. Since the Statute of Frauds is not satisfied, as is clearly the case here, a subsequent claim for a breach of contract cannot proceed.

There are, of course, exceptions that the law recognizes to the defense of the Statute of Frauds, which include promissory estoppel. *EP Operating Co. v. MJC Energy Co.*, 883 S.W.2d 263, 268-69 (Tex.App.–Corpus Christi 1994, pet. denied). However, in addition to a plaintiff being able to show the requisite elements of promissory estoppel,[5] Texas law requires that a plaintiff also be able to establish that the defendant promised to sign an agreement satisfying the statute of frauds. *"Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 937 (Tex. 1972). Because no such evidence exists in this record, Ausmus cannot rely on promissory estoppel to avoid the Statute of Frauds.

Nor can Ausmus, to the extent she might try, attempt to circumvent the Statute of Frauds by arguing that the Defendant waived the right to enforce the Note and Deed of Trust. *See*

---

[4] The only written agreements between the parties in this case are the Note and the Deed of Trust.

[5] The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promisor; and (3) substantial reliance by the promisee to his detriment." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 378-79 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983)). In addition, while not necessarily a pleading element, estoppel also requires a showing that "injustice can be avoided only by the enforcement of the promise." *See Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 864 n. 11 (5th Cir. 1999).

*Milton v. U.S. Bank Nat'l Ass'n*, 508 Fed.Appx. 326, 330 (5th Cir. 2013); *Gordon v. JP Morgan Chase Bank, N.A.*, 505 Fed.Appx. 361, 365 (5th Cir. 2013). While it is true that the District Court's decision in *Montalvo I* initially appeared to offer homeowners some safeguard in the form of an estoppel/ waiver argument, the Court's subsequent decision in *Montalvo II* has made clear that, given Fifth Circuit decisions, even this theory can not be used to circumvent the Statute of Frauds – particularly where, as is the case here,[6] the Deed of Trust contains a non-waiver clause. *Montalvo v. Bank of America Corp.*, No. SA-10-CV-360-XR, 2013 WL 870088 (W.D.Tex. March 7, 2013); *see also, Milton*, 508 Fed.Appx. at 330 (finding unreasonable, as a matter of law, the plaintiff's reliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement); *Watson v. Citimortgage, Inc.*, 530 Fed. Appx. 322, 326 (5th Cir.2013) (finding that a non-waiver provision in a Deed of Trust is generally sufficient, in and of itself, to defeat a homeowner's claim of waiver).

## B. Trespass to Try Title

Ausmus brings a cause of action against HSBC for trespass to try title. Defendant argues that Ausmus cannot establish superior title and, as a result, this claim fails as a matter of law. (Dkt. No. 17 at 10-11). The Court agrees. The undisputed evidence establishes that the Property was purchased at a foreclosure sale. When Ausmus defaulted on the Note, and did not

---

[6] The terms of the Deed of Trust expressly provide that "[a]ny forebearance by Lender in exercising any right or remedy ... shall not be a waiver of or preclude the exercise of any right or remedy." (Dkt. No. 19, Ex. 2 (Deed of Trust) at 10, ¶12).

7

cure the default, the loan servicer was authorized to accelerate the unpaid debt and proceed, after proper and timely notice, with a foreclosure sale and the evidence does not support any defect in the foreclosure proceedings. The Defendant's interest in the Property was valid and enforceable, as demonstrated by the Deed of Trust, and The Bank of New York Mellon is a bona fide purchaser of the Property. Upon this evidence, the Court that Ausmus has no basis to pursue her action against Defendant based on trespass to try title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi, 2001, no pet.) (to succeed, the plaintiff must prove the strength of her title, not rely on the weakness of defendant's title).

## C. Common Law Fraud

Ausmus asserts a cause of action against Defendant for common law fraud that is predicated on the claim that the Defendant's representative made oral representations to her to not to make any mortgage payments while her loan was being considered for modification and to ignore any foreclosure notices that she received while assuring Ausmus that the Defendant would take no action to foreclose on the Property while her loan was being considered for modification. The Defendant argues that summary judgment is warranted because the claim lacks evidentiary support and is barred by the economic loss doctrine. (Dkt. No. 17 at 11-12).

The Court previously dismissed this claim (Dkt. No. 13), therefore, Defendant's Motion is moot. Even assuming it had not previously been dismissed, summary judgment would be appropriate because no triable issue of fact exists as to this claim. In other words, even assuming any such representations were made to Ausmus, which the evidence in the record

8

contradicts, she has failed to show she reasonably relied on these representations and that this caused her injury. On the contrary, the undisputed evidence reflects that Ausmus had already defaulted on her mortgage payments before she even applied for a loan modification and that, even after her modification requests were denied, she did not cure the default. *Gonzales v. Ameriquest Mortg. Corp.*, Cause No. A-04-CA-576-JN, 2005 WL 3333259, at *6 (W.D.Tex. Dec. 8, 2005).

## CONCLUSION

Accordingly, for all the foregoing reasons, it is the **ORDER** of this Court that Defendant HSBC's Motion for Summary Judgment (Doc. No. 17) is **GRANTED** in its entirety and that Plaintiff Deborah Ausmus' action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DONE** at Galveston, Texas, this _8th_ day of April, 2014.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE